**Dated: June 23, 2026**

**The following is ORDERED:**



*Paul R. Thomas*
PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GRAYSEN ALLEN FREEMAN<br>BLAKLYN RYANE FREEMEN,<br>                  Debtors. | Case No. 25-80831-PRT<br>Chapter 7 |
| VISION BANK,<br><br>              Plaintiff<br><br>v.<br><br>GRAYSEN ALLEN FREEMAN and<br>BLAKLYN RYANE FREEMEN,<br>                  Defendants. | Adversary Case No. 24-08026-PRT |

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND
### GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Plaintiff filed this adversary case pursuant to 11 U.S.C. § 523(a)(2)(A), 523(a)(2)(B) and 523(a)(6) to except from discharge its state court judgment against the Defendants. There are two pending motions before the Court: the Defendants Motion to Dismiss (ECF No. 11) and the Plaintiff's Motion for Partial Summary Judgment as to its first Cause of Action pursuant to 11 U.S.C. § 523(a)(2)(A). (ECF No.14). After reviewing the record and applicable legal authorities,

the Court finds that the Defendants' Motion to Dismiss should be denied, and that the Plaintiff is entitled to summary judgment as to the first Cause of Action of its Complaint.

### I.     Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).

### II.     The Defendants' Motion to Dismiss

The debt the Plaintiff Vision Bank seeks to except from discharge arises from a loan given by the Plaintiff to Defendant Graysen Freeman for $20,324.00. The Defendants state that the Plaintiff obtained a default judgment against them as well as Graysen's mother, Jennifer Marie Freeman, in Pontotoc County, Oklahoma for $19,521.35. After the Plaintiff filed this adversary case and the Defendants filed their answer, the Defendants allege that Jennifer Freeman paid the Plaintiff $20,000.00 in satisfaction of the judgment against her. The Defendants filed a Motion to Dismiss this adversary case on the grounds that the debt which is the subject of Plaintiff's Complaint has been paid. They do not cite a procedural rule as the basis for dismissal.

The Court construes the Defendants' argument to be that Jennifer Freeman's $20,000.00 payment renders this action moot as this Court can no longer grant any effectual relief. The Court rejects that argument.[1] As the Plaintiff has noted, and as is alleged in its Complaint, its

---

[1] A case that ceases to present a "live controversy with respect to which the court can give meaningful relief" is moot. *See In re Jain,* 626 B.R. 336, 341 (Bankr. D.N.M. 2021) citing *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993). Courts do not have jurisdiction over

debt is more than $20,000.00 since its judgment includes interest and attorney fees. Moreover, the Plaintiff is seeking a determination of the dischargeability of the debt regarding these Defendants on multiple grounds. Therefore, the $20,000.00 payment by a non-party does not end this case, and the Defendants' Motion to Dismiss based on mootness is denied.

### III.     The Plaintiff's Motion for Partial Summary Judgment

The Plaintiff seeks partial summary judgment as to its first cause of action which seeks a determination that its default judgment against the Defendants is nondischargeable under § 523(a)(2)(A) as a debt obtained by false pretenses, false representation or actual fraud. The Defendants oppose this Motion and argue that the Plaintiff's claim of attorney fees and costs is not recoverable in a § 523(a) action.

### A.  Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998).

This Court's Local Rule 7056-1 contains specific requirements regarding the content and organization of a motion for summary judgment.  The motion shall include a brief in support that

> contains a concise statement of material facts as to which movant contends no
> genuine issue exists. Each fact shall be stated in a separately numbered paragraph
> and shall refer with particularity to those portions of the affidavits, discovery
> materials, pleadings, or other parts of the record before the Court upon which the

---

moot cases. *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1181–82 (10th Cir. 2000).

movant relies.

A brief in response to a motion for summary judgment

> shall begin with a section stating, by paragraph number, each of the movant's facts to which the non-movant contends a genuine issue exists, and shall refer with particularity to those portions of affidavits, discovery materials, pleadings, and other relevant parts of the record before the Court upon which the non-movant relies to dispute the movant's fact. All properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material.

The Plaintiff's Motion complies with Rule 56 and Local Rule 7056-1 as it includes a numbered list of material facts to which it believes there is no genuine issue. The Defendants' Response also includes a numbered list of undisputed material facts but does not specifically identify which of the Plaintiff's facts they believe present a genuine issue as required by Local Rule 7056-1. Neither party included affidavits or discovery materials in support of their positions.

### B. Findings of Fact

Based on the Motion, Response and Reply, the Court makes the following findings of material facts which were not controverted by the Defendants:

1. On July 3, 2024, Defendant Graysen Allen Freeman executed a Commercial Promissory Note (the "Loan") in favor of Plaintiff for $20,324.00.

2. On the same date and pursuant to the same transaction, Graysen Freeman made, executed, and delivered to Plaintiff the Commercial Security Agreement (the "Security Agreement") by which Plaintiff was granted a security interest in Defendants' 2017 Chevrolet Silverado, VIN # 3GCUKSEC9HG253318 (the "Truck").

3. The Defendants agreed to pledge the Truck as collateral for the Loan to Plaintiff.

4. Defendants defaulted on the Loan due to their failure to make payments, thereby

accelerating the Loan.

5. Defendants did not surrender the Truck to Plaintiff.

6. Instead, Defendant Graysen Freeman sold the Truck to Cavendars Auto Sales & Leasing for $17,000.00. Freeman did not pay all the proceeds from the sale to Plaintiff.

7. The maturity date for the Loan is July 5, 2029.

8. On June 17, 2025, the Plaintiff filed suit against the Defendants in the District Court of Pontotoc County, Oklahoma, Case No. CJ-2025-131. The Plaintiff also named Jennifer Marie Freeman, Graysen Freeman's mother, as a co-Defendant in this case.

9. The Defendants and Jennifer Freeman failed to file a timely answer in the Pontotoc County case. On July 24, 2025, a Journal Entry of Judgment was entered in favor of the Plaintiff and against the Defendants and Jennifer Freeman granting the Plaintiff a default judgment in the amount of $19,521.35, plus interest at the rate of 13.50% per annum from May 5, 2025.

10. The Defendants filed a chapter 7 bankruptcy case on September 8, 2025, in this Court.

11. The Plaintiff filed its Complaint commencing this adversary case on December 1, 2025, seeking to except the judgment debt from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), 523(a)(2)(B) and 523(a)(6).

12. The Defendants filed their Answer to Plaintiff's Complaint on December 17, 2025.

13. Paragraph 32 of the Plaintiff's Complaint states: "Defendants should not be granted dischargeability as to the debt owed to Plaintiff pursuant to 11 U.S.C. § 523(a)(2)(A)":

14. The Defendants' Answer to Paragraph 32 of the Complaint states: "Defendants admit the material allegations contained in paragraph 32."

15. On March 3, 2026, Jennifer Freeman paid the Plaintiff the sum of $20,000.00 in

satisfaction of the default judgment entered against her in the Pontotoc County Case.

To the extent the Conclusions of Law contain any items that should more appropriately be considered Findings of Fact, they are incorporated herein by this reference.

### C. Conclusions of Law

#### 1. Admission in the Defendants' Answer

The Plaintiff argues that the Defendants' Answer to paragraph 32 of its Complaint and their admission of certain material facts establish nondischargeability pursuant to § 523(a)(2)(A). It cites paragraph 32 of the Complaint which states: "Therefore, pursuant to 11 U.S.C. § 523(a)(2)(A), Defendants should not be granted dischargeability as to the debt owed to Plaintiff." The Defendants' Answer to this paragraph states: "Defendants admit the material allegations contained in paragraph 32." The Plaintiff believes this is a binding judicial admission that concedes the ultimate legal conclusion and relief it seeks, and that this admission entitles it to summary judgment. The Plaintiff also argues that the Defendants' Response offers further support for its entitlement to summary judgment. The Response admits that Graysen Freeman executed the Loan and Security Agreement, pledged the Truck as collateral for the loan, defaulted on the Loan, and sold the Plaintiff's collateral without remitting the proceeds to the Plaintiff, and thus establishes the basic elements of a § 523(a)(2)(A) cause of action.

The Defendants respond that paragraph 32 is essentially a legal conclusion based on the preceding factual allegations in paragraphs 22 through 31 set forth to establish a claim for relief pursuant to § 523(a)(2)(A). Their Answer specifically denied each factual allegation set forth in paragraphs 22 through 31, therefore they argue their admission in paragraph 32 is just an acknowledgement of the statutory authority the Plaintiff relies upon, not an admission of its

entitlement to relief. However, in answering similar allegations in paragraphs 42 and 51 regarding the Plaintiff's second and third causes of action, the Court notes that the Defendants' Answer denied the material allegations in those paragraphs.[2] Moreover, their Statement of Undisputed Material Facts in their Response the Motion for Partial Summary Judgment now admits allegations that they previously denied in their Answer. They admit that Graysen Freeman executed the Loan and Security Agreement pledging the Truck as collateral, admit that they defaulted on the Loan, sold the Truck and failed to remit the proceeds to the Plaintiff.[3] They offer an explanation as to why these actions were taken but they no longer deny the essential facts as alleged by the Plaintiff.

"A pleading should inform the court and parties of the facts in issue so that the court may declare the law and the parties may know what to meet with their proof." *Mitchell v. Wright*, 154 F.2d 924 (5th Cir. 1946). Fed. R. Civ. P. 8(b)(6), made applicable to this case by Fed. R. Bankr. P. 7008, states: "An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied." Judicial admissions are "formal, deliberate declarations which a party or his attorney makes in a judicial

---

[2] Regarding the Second Cause of Action for false statement in writing, § 523(a)(2)(B), paragraph 42 of the Complaint states: "Therefore, the resulting debt from the Defendants' material breach and use of false statement in writing should not be discharged within Defendants' bankruptcy." The Defendants' answer to this paragraph states: "Defendants deny the material allegations contained in paragraph 42." Paragraph 51 regarding the Third Cause of Action for willful and malicious injury, § 523(a)(6), states: "The resulting debt from the Defendants' willful and malicious injury to Plaintiff's security interest should not be dischargeable pursuant to 11 U.S.C. § 523(a)(6)." The Defendants' answered this paragraph: "Defendants deny the material allegations contained in paragraph 51."

[3] The Defendants note that they disclosed this sale in their Statement of Financial Affairs in their bankruptcy petition. However, their Answer specifically denied the Plaintiff's allegation that they sold the Truck and did not pay the proceeds to the Plaintiff. ECF No. 4, ¶17.

proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute." *U.S. Energy Corp. v. Nukem, Inc.,* 400 F.3d 822, 833 n.4 (10th Cir. 2005). Statements in briefs may also be treated as judicial admissions at the court's discretion. *Id.*

The Defendants knew how to deny the allegations in the Complaint, even those they believe simply recited a legal conclusion. They chose not to deny paragraph 32 of the First Cause of Action. The Court finds this is an admission that the Plaintiff is entitled to a judgment of nondischargeability as to its First Cause of Action. Furthermore, the Defendants now admit to certain supporting allegations in the Complaint which they previously denied. They admit that Graysen Freeman executed the Loan and Security Agreement, pledged the Truck as collateral for the Loan, defaulted on the Loan, and sold the Plaintiff's collateral without remitting the proceeds to the Plaintiff. Therefore, the Court concludes that they should be bound by their admission that they should not be granted a discharge of the debt owed pursuant to § 523(a)(2)(A).

The Court also finds that the Defendants have failed to adequately dispute the Plaintiff's judgment of nondischargeability as to Blaklyn Freeman. They jointly admitted that the debt was reduced to judgment against both Defendants. They jointly admitted that the debt should not be discharged. They offered no evidentiary material in support of their claim that Blaklyn Freeman's judgment debt should be discharged as is required by Local Rule 7056-1. Therefore, the Court finds that the Plaintiff should be granted summary judgment against Defendants Graysen Freeman and Blaklyn Freeman on its first cause of action pursuant to § 523(a)(2)(A).

## 2. <u>Request for Attorney Fees and Costs</u>

Based on the information before it, the Court is unable to determine whether adversary-

related attorney fees should be included in the debt excepted from discharge.[4] The Plaintiff represents, and the Defendants appear to concede, that the Plaintiff was awarded attorney fees in its default judgment which would be included in the debt that is excepted from discharge in this adversary case. However, the Defendants argue that attorney fees incurred in this adversary case should be governed by the American Rule, whereby each party is responsible to pay their own attorney fees. The Plaintiff argues that its judgment, including pre- and post-judgment interest at the contractual rate of 13.50% per annum, and all contractual charges incurred thereafter, entitles it to attorney fees incurred in this adversary case. It also argues that an award of attorney fees has a contractual and statutory basis that are embedded in the state court judgment.

The Court has not been presented with the Loan or Security Agreement or specific language therein to determine if there is a contractual basis for attorney fees incurred in this adversary proceeding. Nor has it been provided with the Default Judgment entered by the state court which is purported to have awarded attorney fees. It is unknown whether the state court has assessed the fees and costs. Moreover, the Court does not know the basis of the state court lawsuit and judgment other than as an action to recover a debt.

The Court finds the analysis of this issue in *First American Title Co. v. Smith (In re Smith),* 605 B.R. 538 (Bankr. D. Utah 2019) to be helpful. That case sought pursuant to

---

[4] Both parties discuss *In re Gamboa*, 2020 WL 5587431 (Bankr. W.D. Okla., Sept. 17, 2020). The issue in *Gamboa* was whether the debtor as the prevailing party against the creditor in the creditor's § 523(a)(3) action could recover his attorney fees in successfully defending the adversary case. The creditor had a claim for attorney fees in the underlying state court default judgment as the prevailing party in that case pursuant to OKLA. STAT. tit.12, § 936. However, the creditor did not prevail in his nondischargeability action. The debtor moved for attorney fees as prevailing party, citing the Oklahoma statute as authority for the award of attorney fees against the creditor in the adversary case. The bankruptcy court declined to grant that relief as the debtor could not be said to be the prevailing party under that statute.

§ 523(a)(6) to except a judgment debt resulting from a federal district court case. The judgment debt arose from claims of breach of an employment contract and breach of fiduciary duty, and included an award of attorney fees under both causes of action. The judgment creditor prevailed in excepting its judgment (including attorney's fees awarded) from discharge in bankruptcy. The issue was whether the creditor could also be awarded and include in a judgment of nondischargeability its costs and attorney fees incurred as prevailing party in the adversary case. The bankruptcy court determined that it could not. This was because the attorney fees in the adversary case were incurred in an action sounding in tort, not an action based on contract. The creditor argued that the employment agreement it sought to enforce provided for attorney's fees to a prevailing party incurred in any action to pursue enforcement of the agreement. The creditor also cited a Utah statute, similar to OKLA. STAT. tit.12, § 936, as authority for an award of attorney fees. The bankruptcy court rejected both grounds as a basis for recovery. The nondischargeability action was based in tort law whereas the underlying judgment sounded in contract. Finding no statutory basis in state or bankruptcy law for the award of attorney fees, the bankruptcy court denied the judgment creditor's request for attorney fees incurred in the nondischargeability case.

Similarly, the Plaintiff has prevailed on a nondischargeability action based on tort while its judgment debt appears to be based on contract. Based on the information before it, the Court finds that the Plaintiff has not met its burden to establish entitlement to an award of attorney's fees for this adversary case. However, the Court will allow the Plaintiff an opportunity to supplement the record in accordance with the questions raised in this Order. All parties may submit additional legal authority to the Court should they desire to do so.

### IV.   <u>Order of the Court</u>

Based on the Defendants' admissions, the Court finds that the Plaintiff is entitled to summary judgment on its First Cause of Action seeking to have its judgment debt excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A). As for the issue of attorney fees, the Court grants the parties until July 10, 2026 to provide evidentiary support and additional legal authority for their respective positions.

IT IS HEREBY ORDERED THAT:

The Defendants' Motion to Dismiss (ECF No. 11) is **denied.**

The Plaintiff's Motion for Partial Summary Judgment (ECF No. 14) is **granted as to nondischargeability** pursuant to 11 U.S.C § 523(a)(2)(A)**.**

The parties shall have until July 10, 2026 to provide evidentiary support and additional legal authority for their respective positions as to an award of attorney's fees and costs and the amount of debt to be determined nondischargeable.

###